FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB 21 AM 8:42
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| REGINALD CARLDARO HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-021 |
| | ) | |
| ROBERT TOOLE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this petition be **DISMISSED** and that this civil action be **CLOSED**.

I. **BACKGROUND**

On June 8, 2001, pursuant to the findings of a Richmond County jury, Petitioner was

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

convicted of armed robbery, aggravated assault, kidnapping with bodily injury, and possession of a firearm. (Doc. no. 1, p. 4.) Petitioner received a sentence of "life plus (5) years." (Id.) Petitioner's convictions were affirmed on appeal on August 14, 2002. (Id.) Petitioner filed a state habeas corpus petition in the Superior Court of Tattnall County on August 1, 2003. (Id.) In his state habeas petition, Petitioner raised claims of ineffective assistance of appellate counsel. (Id.) Following an evidentiary hearing, the state habeas court denied those claims on June 6, 2012. (Id. at 5.) According to a letter attached to the instant petition, Petitioner sometime thereafter filed an application for a certificate of probable cause in the Supreme Court of Georgia that was rejected for Petitioner's failure to include an affidavit of indigency. (See doc. nos. 1-2, 1-3) Petitioner specifies that he then resubmitted his application with the requisite affidavit of indigency on July 16, 2012, and that the application was dismissed as untimely on January 22, 2013. (Id.)

On February 6, 2013, the instant federal petition was filed by the Clerk of Court. In his federal petition, Petitioner raises claims of ineffective assistance of appellant counsel, violations of his Miranda rights, ineffective assistance of state habeas counsel, and error on the part of the state habeas court. (Id. at 7.) Notably, the petition does not appear to be dated by Petitioner; rather, the petition appears to have been dated September 13, 2012 by a notary, who also stamped the document. (Doc. no. 1, p. 9.) Although federal habeas petitions are governed by the "mailbox rule," which dictates that *pro se* prisoner filings are considered filed on the date that they are delivered to prison authorities for mailing, see Adams v. U.S., 173 F.3d 1339, 1341 (11th Cir. 1999), it is clear from Petitioner's attached letter that he did not deliver his petition for mailing until sometime around late January or early February

2

2013. (Doc. no. 1-2, p. 1.) In consideration of that letter – in which Petitioner clearly states his awareness of the rules for filing his petition – and because the specific date on which the petition was filed within that late January or early February window is ultimately irrelevant to the Court's finding of untimeliness, the Court assumes without making a definitive finding that the instant petition was filed on January 31, 2013, the day that Petitioner learned that his application for a certificate of probable cause was dismissed.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

3

limitation under this subsection.

A. **Finality of Petitioner's Conviction**

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on August 14, 2002. Petitioner did not then file a motion for reconsideration or appeal his case to the Georgia Supreme Court. Thus, his conviction became "final" when the 10-day time period for indicating intent to seek review in the Georgia Supreme Court expired. See Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006); see also Ga. Sup. Ct. R. 38(1) (providing that party seeking review in Georgia Supreme Court must file notice of intention to apply for certiorari within 10 days after entry of judgment by lower court).[2]

In the instant case, the AEDPA statute of limitations therefore began to run 10 days following the Georgia Court of Appeals affirmance of Petitioner's convictions on August 14, 2002. According to Georgia's statutory rules for the computation of time in 2002, and taking into consideration that the tenth day following Petitioner's conviction fell on a Saturday, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's

---

[2]Notably, the Georgia Supreme Court is the court of last resort in Georgia, such that a petitioner who does not seek review by that court is not entitled to petition the Supreme Court of the United States for a writ of certiorari. Pugh, 465 F.3d at 1299,1300. Had Petitioner here sought review by the Georgia Supreme Court – which he did not – he would have then been entitled to the 90-day period for filing a petition in the Supreme Court of the United States. Id.

4

conviction became final on August 26, 2002. See O.C.G.A. § 9-11-6(a) (2002); see also O.C.G.A. § 1-3-1 (2002).[3]

## B. Application of the Statute of Limitations

As noted above, under the AEDPA, Petitioner had one year from August 26, 2002 to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Here, Petitioner waited eleven months and six days from the time his conviction became final on August 26, 2002 before filing his state habeas petition. Petitioner's state habeas petition, filed on August 1, 2003, then tolled the statute of limitations period until June 6, 2012. At that time, Petitioner had twenty-five days remaining within which to file his federal habeas petition.

As noted above, Petitioner asserts in a letter attached to his federal petition that he next timely filed an application for a certificate of probable cause to appeal in the Georgia Supreme Court,[4] but that the application was rejected due to his failure to attach an affidavit

---

[3] Under O.C.G.A. § 1-3-1(d)(3), when computing time for performing a specified act, the first day is not counted but that the last day is; moreover, if the last day falls on Saturday or Sunday, the time period is extended through the following Monday. Here, since the tenth day after Petitioner's conviction was Saturday, August 24, 2002, his deadline for indicating intent to seek review in the Georgia Supreme Court was extended until Monday, August 26, 2002, at which point his conviction became final.

[4] Pursuant to O.C.G.A. § 9-14-52(b), Petitioner had thirty days from the denial of his state habeas petition within which to file in the Georgia Supreme Court an application for a certificate of probable cause to appeal.

5

of indigency. (See doc. no. 1-2.) Petitioner resubmitted the application with the requisite affidavit on July 16, 2012, forty days after his state habeas petition was denied on June 6, 2012, and the Georgia Supreme Court accordingly rejected the application as untimely (see doc. no. 1-3). Thus, due initially to its non-inclusion of an affidavit of indigency and, later, to its untimeliness, Petitioner's application was never "properly filed" for the purposing of tolling the AEDPA statute of limitations. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.");[5] see also Wade v. Battle, 379 F.3d 1254, 1260-62 (11th Cir. 2004) (noting that an untimely filed application for a certificate of probable cause is not "properly filed" and does not toll the AEDPA's statute of limitations). By the time Petitioner submitted his application with the affidavit of indigency – which, again, was itself untimely and thus would not have operated as a tolling mechanism anyway – the statute of limitations had already expired. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

Accordingly, Petitioner's application for a certificate of probable cause did not act to toll the one-year statute of limitations under the AEDPA. Since the clock on that one-year deadline began to run again at the expiration of the thirty days within which Petitioner could

---

[5]Here, the Georgia Supreme Court rules prohibit the clerk from "receiving or filing an application, petition for certiorari, or the appellant's brief in a direct appeal unless the costs have been paid or sufficient evidence of indigency . . . is filed or contained in the appellate record." GA R S CT Rule 5.

6

file his application for a certificate of probable cause – and taking into account, as noted above, that Petitioner had twenty-five days remaining within which to file his federal habeas petition when his state habeas petition was denied on June 6, 2012 – the one-year deadline expired on July 31, 2012. See Wade, 379 F.3d at 1260-62 (noting that the "AEDPA clock" resumes running at the expiration of the thirty-day period within which a petitioner may file such an application but fails to do so). That date is reached by counting thirty days from June 6, 2012, at which point the clock on the statute of limitations began to run, and then adding Petitioner's remaining twenty-five days, at the culmination of which the statute of limitations expired. Petitioner filed his federal habeas petition on January 31, 2013, 184 days after the expiration of the AEDPA's statute of limitations. Notably, even if Petitioner had filed his petition on September 13, 2012, the date written next to the notary stamp on the signature page of his petition (doc. no. 1, p. 9), the petition would still be untimely by nearly two months. Therefore, absent some other tolling mechanism, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Here, Petitioner fails to argue, and there is nothing in the record to suggest, that any of these other three situations applies to his case. Accordingly, these

provisions do not provide any other valid statutory ground for extending the one-year statute of limitations.

## C.  Equitable Tolling and Claims of Actual Innocence

Similarly, Petitioner is not entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)

Here, Petitioner's only explanation as to the untimeliness of his federal petition is one that he has in fact proffered to explain the untimeliness of his application for a certificate of probable cause. (Doc. no. 1-2.) Specifically, as previously noted, Petitioner explains that he was not able to file that application until July 16, 2012 due to the Georgia Supreme Court

8

initially rejecting it for Petitioner's failure to attach the requisite affidavit of indigency.[6] However, the Court finds that Petitioner's failure to comply with the rules for properly filing an application for a certificate of probable cause does not come close to embodying the "truly extraordinary circumstances" that must be shown in order to justify equitable tolling. Johnson, 340 F.3d at 1226; cf. Spottsville, 476 F.3d at 1245 (noting that equitable tolling may be warranted when a *pro se* petitioner is affirmatively misled by a government official, the court, or the state). In short, Petitioner has not shown the existence of extraordinary circumstances that might justify equitably tolling the AEDPA's statutory deadline. Accordingly, the Court need not address whether Petitioner has exhibited diligence in pursuing his rights.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must

---

[6]Notably, Petitioner's argument that his initial attempt at filing his application *was* timely is irrelevant, given that the application was not "properly filed" for purposes of tolling the AEDPA's statute of limitations until after that statute of limitations had expired. (Doc. no. 1-2, p. 1.)

9

be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)); see also Rozzelle v. Fla. Dep't of Corr., 672 F.3d 1000, 1017 (11th Cir. 2012) (*per curiam*) ("To support a claim of actual innocence, a time-barred § 2254 petitioner must present 'new reliable evidence' such that it is more likely than not that 'no reasonable juror would have convicted him in light of the new evidence.'" (quoting Schlup, 513 U.S. at 327)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this petition filed pursuant to § 2254 be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

10