IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| REGINALD CARLDARO HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-021 |
| | ) | |
| ROBERT TOOLE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 4). Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge found the petition to be untimely because it was filed after the expiration of the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (See doc. no. 2, pp. 5-10.) In particular, the Magistrate Judge noted that Petitioner's application for a certificate of probable cause ("CPC") to appeal the denial of his state habeas petition – which was initially rejected by the Georgia Supreme Court due to Petitioner's failure to include an affidavit of indigency, and later because it was untimely – was never "properly filed" for the purposes of tolling the statute of limitations for filing a federal habeas petition. (Id. at 5-7.)

In his objections, Petitioner argues that his application for a CPC *was* timely filed with the Georgia Supreme Court because the Georgia Supreme Court's decision to initially

reject the application was "error" due to evidence of Petitioner's indigency already being in the trial court record. (Doc. no. 4, p. 4.) First, Petitioner's reliance on information contained in the trial court record is misplaced, given that the applicable rule, GA R S CT Rule 5, specifically notes that the appellate record is the relevant record. Moreover, to the extent that Petitioner argues that such information *was* contained in the appellate record due to his being granted permission to proceed *in forma pauperis* ("IFP") "during the filing of [his] notice of appeal" (id. at 4-5), that argument is equally unavailing: Petitioner specifies that he mailed his application for a CPC on June 10, 2012, but that he was not granted IFP status until nine days later on June 19, 2012. (Id.) Petitioner has not provided any evidence indicating that the Georgia Supreme Court thus possessed a complete appellate record at the time that it rejected his application. Most importantly, however, this Court applies due deference to Georgia Supreme Court holdings concerning such applications, and thus will not disturb its holding here. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (*per curiam*) (noting that due deference should be applied to state court rulings in the context of § 2254(d)(2) and thus deferring to the state court's holding that a Rule 3.850 petition was time-barred); Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003) (*per curiam*) (citing to Webster for the proposition that the court must give due deference to procedural determinations by the Georgia Supreme Court and finding that the court was accordingly bound by the Georgia Supreme Court's determination that an application for a CPC was not "properly filed").

Petitioner also presents in his objections new arguments concerning his supposed entitlement to equitable tolling. (Doc. no. 4, pp. 6-8.) However, Petitioner's markedly

2

conclusory allegations concerning the supposed ineffectiveness of his counsel at either the appellate or the habeas level and the use of "knowingly false evidence" at his trial proceedings simply do not demonstrate the sort of "truly extraordinary circumstances" that must be shown for equitable tolling to apply. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). Accordingly, Petitioner is not entitled to equitable tolling. Moreover, Petitioner's contention that he is "actually innocent" of the crimes for which he was convicted is similarly unavailing. (Doc. no. 4, pp. 6-8.) As the Magistrate Judge explained, the "fundamental miscarriage of justice" exception based on actual innocence is exceedingly narrow in scope, and a petitioner seeking to invoke it must show – through reliable evidence not presented at trial – that it is more likely than not that no reasonable juror would have convicted him. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). In his objections, Petitioner has made no such showing, and in fact appears to simply argue that the evidence that *was* presented at trial was somehow insufficient to result in his conviction. (Doc. no. 4, pp. 6-8.) Thus, Petitioner has also not shown that his claims must be considered in order to avoid a fundamental miscarriage of justice.

In sum, Petitioner has not provided in his objections any grounds for departing from the Magistrate Judge's recommendation. Thus, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the instant petition brought pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

Furthermore, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ

of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 15th day of March, 2013, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.